Tagged Opinion

ORDERED in the Southern District of Florida on May 11, 2009



_____
John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

CHARLES A. GRECO, JR.,

Case No.:08-13051-BKC-JKO

Chapter 13

Debtor.
_____/

### ORDER TO SHOW CAUSE WHY CLAIMANT SHOULD NOT BE SANCTIONED FOR VIOLATING FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9037 AND WHY CLAIMANT'S COUNSEL, MARIA BORRESEN, ESQUIRE, AND HER LAW FIRM, MOSS CODILIS, LLP, SHOULD NOT BE SANCTIONED FOR WHAT APPEARS TO BE THE IMPERMISSIBLE AND NEGLIGENT PRACTICE OF LAW IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**THIS MATTER** comes before the Court *sua sponte*. Beneficial (the "Claimant") filed a proof of claim that included un-redacted personal and confidential information of the Debtor. *See* "Claim No.: 11" in the Claims Register. Maria Borrensen, Esq., of Moss Codilis, LLP, (collectively the "Firm") representing the Claimant filed a Motion to Redact Proof of Claim (the

-1-

"Motion") [DE 135], in an attempt to rectify the inappropriately disclosed personal and confidential information. Federal Rules of Bankruptcy Procedure Rule 9037 require that filings made in this court must be redacted with regard to certain personal and confidential information, which includes social-security numbers, taxpayer-identification, birth date, name of a minor, or financial-account numbers. *See also* Local Rule 5005-1. It is unclear from the record whether the Firm prepared and filed the proof of claim in this case; however, given the fact that I am currently confronting the exact same issue in a total of nine cases, including this one, in which Ms. Borrensen represents a creditor filing un-redacted proofs of claim, it appears safe to say that the drafting most likely lies with the Firm.[1] It has also come to light that this conduct by Ms. Borrensen and her Firm is not a unique issue to my docket – my colleagues are facing numerous similar motions filed by the Firm to redact information that should not have been disseminated in the first place.[2]

In total I know of 23 instances in which the Firm has violated Federal Rules of Bankruptcy Procedure Rule 9037 in this District alone. Moss Codilis, LLP, is an entity that is comprised of a partnership consortium of five creditor law firms, including Morris, Schneider &

---

[1] *See*, (1) *In re Kearse*, 07-21486-BKC-JKO; (2) *In re Nicholson*, 08-11474-BKC-JKO; (3) *In re Greco*, 08-13051-BKC-JKO; (4) *In re Kassar*, 08-13077-JKO; (5) *In re Morton*, 08-18853-BKC-JKO; (6) *In re Studer*, 08-19300-BKC-JKO; (7) *In re Buhagiar*, 08-19610-BKC-JKO; (8) *In re Vargas*, 08-20302-BKC-JKO; and (9) *In re Imburgia*, 08-17153-BKC-JKO. I will be entering a similar Order to Show Cause this day in each case listed above.

[2] *See, e.g.*, (1) *In re Cecil*, 08-10925-BKC-RBR; (2) *In re Bertke*, 08-16351-BKC-RBR; (3) *In re Woods*, 08-11231-BKC-PGH; (4) *In re Salandy*, 08-12866-BKC-PGH; (5) *In re Lissandrello*, 08-13372-BKC-PGH; (6) *In re Biggers*, 08-13780-BKC-PGH; (7) *In re Colon*, 08-14903-BKC-PGH; (8) *In re Noble*, 08-15675-BKC-PGH; (9) *In re Sao*, 08-16549-BKC-PGH; (10) *In re Shank*, 08-18596-BKC-PGH; (11) *In re Vega*, 08-16381-BKC-AJC; (12) *In re Espinoza*, 08-21253-BKC-AJC; (13) *In re Hargis*, 08-21366-BKC-EPK; and (14) *In re Brown*, 08-23103-BKC-EPK.

Prior, MPD, LLC (otherwise known as Moss Pite & Duncan the former name of Pite Duncan, LLP)[3], Codilis & Stawarski, Fein, Such, Kahn & Shepard, PC, and Weltman, Weinberg & Reis Co., L.P.A. *See In re Waring*, 08-15383-BKC-PMC (Bankr. N.D. Ohio) *at* [DE 37]. To what extent Moss Codilis, LLP, practices as an independent firm, and to what extent the five partner/owners interact with Moss Codilis, LLP, and each other is unclear to this court. Judge Morgenstern-Clarren has entered an order to show cause[4] against Moss Codilis, LLP, due to questionable conduct regarding creditor work and reaffirmation agreements, and is currently still gathering information to answer some of these questions through her judicial requests. *See* the docket in *In re Waring*, 08-15383-BKC-PMC (Bankr. N.D. Ohio). Given what appears to be a pattern of questionable conduct by this Firm, it would be remarkable if these cases are but a mere fraction of similar misconduct in which inappropriate disclosure of personal and confidential information was perpetrated.

Further, the Motion does not bear either of the alternative attorney certifications required under this Court's Local Rule 9011-4, which provides in relevant part as follows:

**(A) Identification of Attorney.**

    (1)     **Required Signature Block.** In the signature block on all court papers signed electronically or conventionally, the attorney must be identified by

---

[3]It is not evident to the court what the actual nature of the ownership interest Pite Duncan, LLP, has in MDP, LLC, and Moss Codilis, LLP. It should be noted that Pite Duncan, LLP, was recently sanctioned $22,000 in which the court held that "Pite filed twenty-one relief from stay motions with no intent to proceed to a hearing on the merit . . . [these] repeated filings of needless motions led to delays in the resolution of debtor's chapter 7 cases, increased costs to the debtors and creditors, and a substantially increased burden on the court." *In re Cabrera-Mejia*, 402 B.R. 335 (Bankr. C.D. Cal. 2008).

[4]*In Re Waring*, 401 B.R. 906 (Bankr. N.D. Ohio 2009).

name, state bar number, complete mailing address, telephone number and the name of the party who the attorney represents.

**(B) Certification of Attorney.** Papers filed by an attorney appearing:

(1) as a qualified attorney pursuant to Local Rule 2090-1(A), must contain this certification: "I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A)". ....

(2) pro hac vice pursuant to Local Rule 2090-1(B)(2), must contain this certification: "I hereby certify that the undersigned attorney is appearing pro hac vice in this matter pursuant to court order dated (date)". This certification shall be placed in papers in the locations described in subdivision (1) above.

In turn, Local Rule 2090-1 provides in relevant part:

**Rule 2090-1. Attorneys.**

**(A) Qualifications to Practice.** Except as provided in subdivision (B) of this rule, to be qualified to practice in this court an attorney must:

(1) be a member of the Bar of the United States District Court for the Southern District of Florida under the Special Rules Governing the Admission and Practice of Attorneys in the District Court;

(2) read and remain familiar with these rules, administrative orders, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, The Florida Bar's Rules of Professional Conduct, and the Bankruptcy Code; and

(3) earn at least 12 credit hours from The Florida Bar for attending or participating in CLE courses related to the subject area of "Bankruptcy Law" during each attorney's Florida Bar three-year CLE reporting requirement. This provision will not preclude an attorney from appearing who is within a three-year CLE reporting period but who has not yet earned the required 12 credit hours for that period.

Attorneys appearing pursuant to this subdivision who are not registered users of CM/ECF must include on all papers the certification contained in Local Rule 9011-4(B).

**(B) Appearances Permitted as Exceptions to Qualification Requirements.** An attorney who has not fulfilled the qualifications to practice set forth in subdivision (A) above, may only appear as set forth in this subdivision. Any attorney who appears pursuant to this rule shall be deemed to be familiar with, and shall be governed by, these rules, and the Rules of Professional Conduct and other ethical limitations or requirements governing the professional behavior of members of The Florida Bar.

    (1)    **Appearances in Limited Instances.** [Inapplicable here].

    (2)    **Pro Hac Vice Appearances.** Any attorney who is a member in good standing of the bar of any state or territory or insular possession of the United States, who is qualified to practice in this court but is not admitted to practice in the United States District Court for the Southern District of Florida, shall file the Local Form "Motion to Appear Pro Hac Vice" and proposed Local Form "Order Admitting Attorney Pro Hac Vice" and, upon the entry of the order, shall be permitted to appear and participate in a particular case or proceeding. The motion shall designate an attorney who is qualified to practice in this court and who maintains an office in this district for the practice of law, with whom the court and opposing attorneys may readily communicate regarding the conduct of the case or proceeding and upon whom papers shall be served. The motion must be accompanied by a written statement of the local attorney who consented to the designation, and the name, address and telephone number of the named designee. The motion shall (a) indicate all bars or courts to which the attorney is admitted; (b) indicate all bars or courts, if any, from which the visiting attorney has been disbarred, suspended or prohibited from appearing in front of and the dates of the foregoing; and (c) certify that the visiting attorney is familiar with and shall be governed by these rules, the Rules of Professional Conduct and all other requirements governing the professional behavior of members of The Florida Bar. Visiting attorneys appearing under this subdivision shall include on all papers filed with the court the certification contained in Local Rule 9011-4(B)(2). Upon written motion and for good cause shown, the court may waive or modify the requirements of designation of a qualified local attorney.

In light of these requirements contained in the Local Rules, it is surprising to the Court that Ms. Borrensen's motion contains neither of the alternative certifications mandated by Local Rule 9011-4(A) or Local Rule 9011-4(B)(2). Finally, the proposed order submitted by Ms. Borrensen does not comply with the format requirements for proposed orders as spelled out by this District's Local Rules.

Accordingly, with the Court being fully advised in the premises, it is hereby **ORDERED** that Claimant's counsel, Maria Borrensen, Esq., shall appear **in person** before the Court on **June 9, 2009** at **11:00 a.m., in Courtroom 301, United States Courthouse, 299 E. Broward Boulevard, Ft. Lauderdale, Florida 33301**, and show cause why she and her firm, Moss Codilis, LLP, should not be sanctioned for what appears to be the impermissible and negligent practice of law in the United States Bankruptcy for the Southern District of Florida, and why her client should not be sanctioned for the improper dissemination of personal and confidential information in violation of Federal Rules of Bankruptcy Procedure Rule 9037. The failure to satisfactorily discharge this Order to Show Cause may result in the imposition of a fine, confinement, a prohibition on practice in this Court, or such other sanctions as may be appropriate.

###

Maria Borresen, Esq.
Moss Codilis, LLP
6560 Greenwood Plaza Blvd
Englewood, CO 8011

Judge Pat E. Morgenstern-Claren
U.S. Bankruptcy Court

Northern District of Ohio, Eastern Division
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, Ohio 44114-1235

Robin R Weiner
POB 559007
Fort Lauderdale, FL 33355

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

Attorney Borresen is hereby directed to serve a copy of this Order upon all other interested parties and to file a certificate of service within 15 days.